**Paul J. WILSON and Frances C. Wilson, Respondents,**

v.

**Russel E. FARROW and Joyce M. Farrow, Appellants.**

No. 40404.

Missouri Court of Appeals, Eastern District, Division Three.

May 9, 1979.

Motion for Rehearing and/or Transfer to Supreme Court June 15, 1979.

A. M. Spradling III, Spradling & Spradling, Cape Girardeau, for appellants.

William S. Rader, Cape Girardeau, for respondents.

GUNN, Judge.

This appeal concerns the dispute over an alleged breach of a real estate sales contract by a real estate developer who failed to pave a certain residential street serving the purchasers' lots. The developer's defense was that the terms of agreement relating to street paving were too indefinite to be capable of enforcement. We believe the defense to be meritorious and reverse the judgment of the trial court finding breach of contract.

Plaintiff-respondents, as purchasers, entered into a real estate sales agreement

with defendant-appellants, as sellers, for the purchase of two residential lots on Kidron Drive in Cape Girardeau County. At the plaintiffs' behest the following clause was added to the sales agreement by defendants' real estate sales agent: "Seller [defendants] agrees to provide for the paving of Kidron Drive." Defendants constructed plaintiffs' home on the lots. Approximately 3½ years after the purchase, plaintiffs were transferred to another state and sold the house and lots with Kidron Drive still unpaved. The area surrounding the lots was still largely undeveloped and only one or two other houses were located on Kidron Drive at the time. Plaintiffs sued the defendants alleging that their lots brought a lesser price because the access road was unpaved. Plaintiffs claimed that the language of the agreement relating to the paving required defendants to pave and pay for such work. Defendants have urged that the paving clause provides only that if and when Kidron Drive would be paved they would assume the costs. The trial court entered judgment for $2,700 in favor of plaintiffs. Defendants allege on appeal that the terms of the sales contract are too nubilous to be enforceable.

It is rather fundamental legal rubric ". . . that for an agreement to be binding, it must be sufficiently definite to enable the court to determine its exact meaning and to definitely measure the extent of the promissor's liability." *McHenry v. Claspill*, 545 S.W.2d 690, 693 (Mo.App. 1976). *Accord: Hoefel v. Hoefel*, 533 S.W.2d 704 (Mo.App.1976). Further, we cannot make contracts for the parties nor add provisions by our interpretation of what might or should have been provided. *Goodman v. Goodman*, 576 S.W.2d 747 (Mo. App.1979).

Here, the only clause of the contract dealing with paving— "Seller to provide for the paving of Kidron Drive" —is so lacking in definiteness and specificity as to render it meaningless and impossible to en-

force. There are no terms as to the time when the road was to be paved, the materials to be used, the width, depth or length of the road. Also, none of the witnesses' testimony sheds any illumination on these critical factors which are essential to give the paving provision any meaning. There is no way to measure the extent of defendants' liability regarding the road. Nor can we measure damages by the cost of construction of a "normal" road, for there is no evidence as to what a "normal" road would be—only that property values varied substantially with the type and construction of roads providing service. As to time of construction, plaintiffs urge that we apply a "reasonable time" precept, referred to in *Artcraft Cabinet, Inc. v. Watajo, Inc.*, 540 S.W.2d 918 (Mo.App.1976). But "reasonable time" varies on the circumstances of the case. *Weis v. Wanstrath*, 149 S.W.2d 442 (Mo.App.1941). And plaintiffs offered no evidence as to what would be a reasonable time for construction—whether in the spring following the sale of the lots, after several homes were built in the subdivision or after its full development. We must find that the terms of the agreement upon which plaintiffs base their action are too vague to permit enforcement and for that reason the judgment must be reversed.[1]

Judgment reversed.

REINHARD, P. J., and CRIST, J., concur.

---

1. For obvious reasons plaintiffs' motion for damages against defendants for frivolous appeal is denied.