**In re the Marriage of Fred W. HUSKA Petitioner-Respondent**

**v.**

**Rita J. HUSKA (n/k/a Daniels) Respondent-Appellant.**

No. 51154.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer Denied Dec. 3, 1986.

Application to Transfer Denied Jan. 13, 1987.

Fred W. Huska, pro se.
Rita J. Huska, pro se.

SMITH, Presiding Judge.

Former wife appeals from the order of the trial court denying her motion for an order to show cause why former husband should not be held in contempt for violating a provision of the parties pendente lite maintenance agreement. The court held the issue moot as having been previously disposed of. We affirm.

The parties were married July 11, 1981, and separated on February 2, 1982. The final decree of dissolution was entered February 10, 1983. This seven month marriage has, over three and one-half years, spawned three appeals. The first, *F.W.H. v. R.J.H.*[1] 666 S.W.2d 910 (Mo.App.1984) dealt with an order of the court suspending an agreed provision for maintenance pendente lite approved and ordered by the

---

1. In F.W.H. we sustained wife's motion to utilize initials. Normally such initial styling is reserved for cases involving juveniles or where a party been criminally victimized, usually sexually, and is involved in litigation because of that victimization. No request has been made in this appeal for initial styling and we find no basis in this case, or for that matter the prior ones, for such treatment.

court. We held the maintenance pendente lite award was decretal and not subject to modification by the trial court in the absence of proof of a substantial change in circumstances. The second appeal was *F.W.H. v. R.J.H.*, 709 S.W.2d 513 (Mo.App. 1986) and dealt solely with satisfaction of the final decree of dissolution. It is irrelevant to the matter now before us.

In F.W.H. No. 1 we remanded to the circuit court "for entry of judgment as to maintenance pendente lite." Following that mandate the trial court on November 26, 1984, entered a judgment for wife for maintenance pendente lite of $2700. No appeal was taken from that judgment and it is final.

Wife's present complaint also arises from the pendente lite award. That award contained a provision requiring husband "to maintain existing health and medical insurance on Respondent and provide coverage until final dissolution." During the pendency of the dissolution proceeding wife underwent surgery resulting in an $850 surgeon's fee. Wife alleges, and husband does not really dispute, that pursuant to his insurance coverage Blue Cross mailed a check for the surgeon's fee to husband. The day after the dissolution decree was entered husband deposited the check into his own account. No payment of the money was ever made by husband to either wife or the surgeon.

As early as November 1982 wife raised by motion husband's failure to provide the medical coverage. We find it unnecessary to chronicle the tortured procedural peregrinations of this matter over the next three years. It is sufficient to say that the matter was raised on several occasions prior to the now final judgment on maintenance pendente lite entered on November 26, 1984.

In *Noll v. Noll*, 286 S.W.2d 58 (Mo.App. 1956) [11] it was held that an award of alimony (now maintenance) pendente lite is in the nature of an independent cause of action and that an order making such allowances is a final judgment on the merits of the motion from which an appeal may be taken, and if no appeal is taken, upon which execution may issue. The medical coverage was intended to provide for the reasonable needs of the wife during the pendency of the dissolution proceeding and was therefore maintenance pendente lite. *Tzinberg v. Tzinberg*, 631 S.W.2d 681 (Mo. App.1982) [3].

The doctrine of res judicata makes a judgment in a cause of action conclusive in a subsequent action between the same parties, not only as to all issues tried, *but as to all issues which might have been litigated. Noll v. Noll, supra,* [13]. *Dardick v. Dardick*, 661 S.W.2d 538 (Mo.App.1983) [8, 9]. That doctrine is fully applicable to an award of maintenance pendente lite. *Id.* The question before the trial court following our remand in F.W.H. No. 1 was the money judgment due wife under the pendente lite award. That included not only the monthly payments subject to the invalid suspension order of the court, but any other monies due under that award which had expired upon issuance of the final dissolution decree. The $850 medical cost should and could have been decided at that time. Res judicata precludes its continued litigation under the label of a contempt proceeding. Whatever our repugnance of husband pocketing a windfall created by the illness of wife, litigation must terminate sometime. This litigation terminated legally when the November 26, 1984, order became final.

Order of the trial court is affirmed. Respondent's motion to dismiss denied.

DOWD and REINHARD, JJ., concur.