Susan Lynn **GERAU,**
Petitioner/Appellant,

v.

Richard Allyn **GERAU,**
Respondent/Respondent.

No. 68639.

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied Sept. 17, 1996.

---

Theodore S. Schechter, Michael L. Schechter and Michael P. Cohan, Clayton, for appellant.

W. Morris Taylor, P.C., Michael Kornblum, Clayton, for respondent.

GRIMM, Judge.

Wife filed a motion for contempt alleging husband's failure to comply with a portion of the judgment dissolving their marriage. The trial court denied her motion and she appeals. We affirm.

### I. Background

The parties entered into a settlement agreement. The trial court incorporated the agreement into its judgment dissolving their marriage. The agreement contained the following provision:

> The parties understand and agree that [wife] is currently provided with the use of a motor vehicle as a benefit of her employment with [the corporation] and will continue to have the benefit of the use of a corporation-owned motor vehicle pursuant to the terms of her employment contract. In the event of the termination of such employment for any reason, and the corresponding loss of the use of a motor vehicle as a benefit of her employment, the parties agree, as a further settlement of marital property, to exchange the corporation-owned motor vehicle that [wife] may be operating at that time for her five (5) shares of [the corporation] as set forth in Paragraph 5.4 herein; the title to said motor vehicle shall be transferred by the corporation to [wife], free and clear of any encumbrances, concurrently with the transfer of said stock by [wife]. [Husband], as majority shareholder of the corporation, agrees to take all actions necessary, within the corporation, to accomplish the intent of this paragraph.
>
> In the event [the corporation] fails to so transfer said motor vehicle to [wife] or fails to provide [wife] with said motor vehicle pursuant to the terms of said employment

contract, [husband] shall give [wife], free and clear of any encumbrances, an equivalent motor vehicle.

Wife's employment contract with the company expired by its terms on December 31, 1994. At that time, wife was using a corporation-owned car. Husband picked up the car on January 3, 1995.

Husband never returned the car or provided wife with any vehicle, much less an equivalent car. He refused to exchange title to the car for wife's stock.

Husband owns 495 shares in the corporation. Wife owns the other five shares. Husband is the corporation's only member of the board of directors. He makes all decisions for the corporation.

On January 23, 1995, wife filed a motion for contempt. She asked the court to punish husband for failure to transfer the car, to order him to comply with the above provision, and for her attorney's fees and costs. On April 25, the trial court heard testimony and permitted the parties to submit proposed findings and conclusions.

The legal file furnished us does not contain any proposed findings or conclusions. On May 12, 1995, the trial court entered judgment stating:

> On the evidence adduced the Court finds that [wife's] claim for delivery of an automobile is subject to determination in civil proceedings and [her] request for an Order of Contempt is denied.
>
> Request for attorney fees is denied.
>
> Costs assessed against [wife].

## II.

■ In wife's first point, she alleges the trial court erred in finding that wife's "claim for delivery ... is subject to determination in civil proceedings." She argues that the court's finding implies "the instant contempt proceedings were not civil in nature." Therefore, she concludes the trial court erroneously declared and applied the law.

The parties and this court all agree that the contempt proceedings were civil. *See, Teefey v. Teefey*, 533 S.W.2d 563, 566 (Mo. banc 1976). We believe the trial court also knows that contempt proceedings are civil in nature.

At the time this matter was heard, the trial judge was assigned to the family court division. When the trial judge said that the "delivery of an automobile is subject to *civil proceedings*," we believe the trial judge used the term "civil proceedings" as distinguished from "family court proceedings." In other words, the issue could be raised in a civil action against husband and his corporation.

■ Although many trial courts would have found husband guilty of contempt, we cannot say the trial court erred as a matter of law and that it did not have discretion to deny the motion. Contempt is a "drastic remedy which should be carefully and cautiously exercised." *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575 (Mo.banc 1976). A trial court has discretion to require a party seeking contempt to make reasonable efforts to collect by other remedies before entering a contempt order. *Id.* We interpret the trial court's judgment to be an exercise of this discretion. Point denied.

## III.

■ In wife's second point, she alleges the trial court erred in denying her motion because the "undisputed evidence at trial established that husband intentionally and contumaciously refused to comply with the clear and unambiguous terms of ... the decree...." She argues that a trial court *must* order contempt under these circumstances.

■ In civil contempt cases, the trial court's judgment will not be disturbed on appeal absent a clear abuse of discretion. *International Motor Co. v. Boghosian Motor Co.*, 870 S.W.2d 843, 847 (Mo.App. E.D.1993). The judgment must be sustained unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously applies or declares the law. *Id.*

What we said in section I is applicable here. Further, testimony raised an issue for the trial court to resolve. In a letter, husband's attorney advised wife's attorney that he interpreted the agreement to mean the car-for-stock exchange would only take place

**444**

if wife was terminated before her employment contract expired. Husband testified that he relied on this reading of the agreement in his decision not to transfer the car to wife.

We defer to the trial court's ability to determine credibility of witnesses. Granting that deference requires us to hold that the trial court did not abuse its discretion in denying wife's motion for contempt. Point denied.

## IV.

■ Wife's final point alleges the trial court erred in denying her request for "attorneys' fees and costs associated with her motion for contempt." She argues husband willfully disobeyed the judgment and caused her to file the motion for contempt.

■ Section 452.355, RSMo 1994, allows the court, "after considering all relevant factors including the financial resources of both parties," to order one party to pay the other's attorney's fees. A trial court's award of attorney's fees will only be overturned by showing an abuse of discretion. *Hernandez v. Hernandez*, 872 S.W.2d 161, 167 (Mo.App. W.D.1994).

In light of the trial court's denial of wife's motion and our disposition thereof, we find no abuse of discretion in the trial court's denial of attorney's fees. Point denied.

The trial court's judgment is affirmed.

REINHARD, P.J., and KAROHL, J., concur.