T.C. Memo. 1997-169


UNITED STATES TAX COURT


BARBARA A. LANDRETH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3487-95.                    Filed April 7, 1997.


<u>Thomas E. Carew</u> and <u>Charles Fancher Jenson</u>, for petitioner.

<u>Charles J. Graves</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and

Procedure.  Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $3,299.

The issue for decision is whether cash payments received by petitioner in 1991 from her spouse must be included in her income for that year as alimony or separate maintenance.  The resolution of this issue depends upon whether an entry made by a judge on the docket sheet relating to a State court domestic relations matter constitutes a divorce or separation instrument within the meaning of section 71(b)(2).

## Background

Some of the facts have been stipulated, and they are so found.  At the time of the filing of the petition, petitioner resided in Joplin, Missouri.

Petitioner first married Edward H. Landreth (Mr. Landreth) on August 25, 1971.  At the time, she had three children from previous marriages, including a son, Christopher Kyle Beeler (Kyle).  Petitioner and Mr. Landreth divorced in 1975.  Sometime in 1978, petitioner and Mr. Landreth remarried.

On December 18, 1985, petitioner filed a petition for dissolution of her second marriage to Mr. Landreth in the Circuit Court of Jasper County, Missouri (the circuit court).  In connection with that proceeding, on February 10, 1986, petitioner filed a motion pendente lite for temporary maintenance and attorney's fees and costs (the motion).

Prior to a hearing on the motion, Charles Buchanan, her attorney in that proceeding, spoke to Mr. Landreth's attorneys. Although the details of the conversation or conversations between these attorneys are unclear, they discussed the motion and apparently agreed, presumably with the consent of their respective clients, that Mr. Landreth would pay petitioner $1,800 per month as temporary maintenance. The attorneys also discussed health insurance coverage for petitioner and Kyle and petitioner's use of an automobile owned or controlled by Mr. Landreth.

On February 20, 1986, a hearing on the motion was held before Judge Richard Copeland. There is no transcript of the hearing. The following docket sheet entry regarding the motion was handwritten by Judge Copeland on the date of the hearing:

> Pet. appears by Charles Buchanan. Per agreement. Pet. motion for temporary maintenance is sustained & respondent ordered to pay the sum of $1,800/mo to Pet. as & for temporary maintenance. Pet. withdraws motion for temporary att fees.

The docket sheet entry is neither signed nor initialed by Judge Copeland.

Mr. Landreth began making temporary maintenance payments of $1,800 per month to petitioner after the February 20, 1986, docket sheet entry had been made. He did not make any temporary maintenance payments to petitioner prior to the date of the hearing.

Since December 1985 and through the date of trial, Mr. Landreth has paid for health insurance coverage for petitioner and Kyle. In addition, Mr. Landreth allowed petitioner to use an automobile that he owned or controlled. Mr. Landreth paid Kyle's private high school tuition. He contributed to Kyle's checking account, paid Kyle's credit card bills, and paid for some of Kyle's vacations. None of these items were addressed in the docket sheet entry.

A supplemental motion for temporary maintenance was filed on petitioner's behalf by Mr. Buchanan on March 18, 1987. In the supplemental motion, petitioner represented that she "previously filed a motion for temporary maintenance and the court entered its order granting her $1,800.00 per month". On June 24, 1987, Mr. Landreth filed a motion to terminate or reduce "spousal support".

Petitioner and Mr. Landreth lived separate and apart, but remained married throughout 1991. During that year, petitioner received $21,600 (12 monthly payments of $1,800) from Mr. Landreth. On her 1991 Federal income tax return, petitioner did not include any of the $21,600 she received from Mr. Landreth in her income.

In the notice of deficiency, respondent determined that the $21,600 petitioner received from Mr. Landreth constituted alimony

or separate maintenance and adjusted her income accordingly, explaining:

> In order for the income to be tax free to you, it would have had to have been so stated in the temporary support order. * * *

Discussion

Section 61 defines gross income to mean income from whatever source derived, including alimony or separate maintenance payments. Sec. 61(a)(8).

Whether a payment constitutes alimony or separate maintenance within the meaning of section 61(a)(8) is determined by reference to section 71. Pursuant to section 71, a payment is alimony if, in addition to meeting other requirements, the payment is received by (or on behalf of) a spouse under a divorce or separation instrument. Sec. 71(b)(1)(A). For purposes relevant to the present dispute, the term divorce or separation instrument means a decree requiring a spouse to pay for the support or maintenance of the other spouse. Sec. 71(b)(2)(C). A decree for support includes any type of court order or decree, including an interlocutory decree of divorce or a decree of alimony pendente lite, requiring one spouse to make payments for the other spouse's support or maintenance. Sec. 1.71-(1)(b)(3), Income Tax Regs.

The dispute in this case focuses upon whether the docket sheet entry constitutes a decree, within the meaning of section

71(b)(2)(C), that required Mr. Landreth to make support payments to petitioner. The parties agree that Missouri law controls the resolution of this dispute. A review of the relevant Missouri statutes and procedural rules reveals that the terms "order" and "judgment", rather than "decree", are used. We are satisfied that an order or judgment that is issued by a Missouri court constitutes a decree, which is defined by Black's Law Dictionary 410-411 (6th ed. 1990), as follows:

> The judgment of a court of equity or chancery, answering for most purposes to the judgment of a court of law. A decree in equity is a sentence or order of the court, pronounced on hearing and understanding all the points in issue, and determining the rights of all the parties to the suit, according to equity and good conscience. It is a declaration of the court announcing the legal consequences of the facts found. With the procedural merger of law and equity in the federal and most state courts under the Rules of Civil Procedure, the term "judgment" has generally replaced "decree". [Citations omitted.]

Accordingly, we consider whether the docket sheet entry is either a valid order or judgment pursuant to Missouri law.

In Missouri, a judgment is the final determination of the rights of the parties in the action. Mo. Ann. Stat. sec. 511.020 (West 1952). An order is every direction of a court or judge, made or entered in writing and not included in a judgment. An application for an order is a motion. Mo. Ann. Stat. sec. 506.050 (West 1952).

In Missouri, a request for relief pendente lite is in the nature of an independent cause of action. Tate v. Tate, 920

S.W.2d 98, 106 (Mo. Ct. App. 1996).  An order granting relief pendente lite is in the nature of a final judgment from which an appeal may be taken.  <u>Huska v. Huska</u>, 721 S.W.2d 120, 121 (Mo. Ct. App. 1986); <u>Tzinberg v. Tzinberg</u>, 631 S.W.2d 681, 682 (Mo. Ct. App. 1982); <u>In re Marriage of Deatherage</u>, 595 S.W.2d 36 (Mo. Ct. App. 1980).

When a Missouri court does not render a judgment in the form of a separate document signed by the judge and entered by the clerk, the docket sheet entry may be examined to determine what order or judgment, if any, the court rendered.  <u>Byrd v. Brown</u>, 641 S.W.2d 163, 166-167 (Mo. Ct. App. 1982).  Where it is clear that a Missouri judge intended a docket sheet entry to be a determination of the rights of the parties to the action and shows in intelligible language the relief granted, the docket sheet entry may be considered the order or judgment.  <u>Id.</u>

According to petitioner the docket sheet entry is neither a valid Missouri judgment nor order because: (1) It lacks the requisite specificity to be enforced; and (2) the entry was not signed by Judge Copeland.  Petitioner further argues that the payments were not made pursuant to the docket sheet entry, but rather pursuant to an unwritten agreement between petitioner and Mr. Landreth.  Either way, according to petitioner, the payments were not made pursuant to a divorce or separate maintenance

instrument and do not constitute alimony within the meaning of sections 61(a)(8) and 71.

The docket sheet entry identifies petitioner's motion for temporary maintenance and reflects the appearance of counsel. It also indicates the action taken; i.e., that Mr. Landreth was ordered to pay petitioner $1,800 per month for temporary maintenance and that petitioner had withdrawn her motion for attorney fees. Although unsigned, it was handwritten by the judge before whom the motion was presented. The docket sheet entry did not include a directive to the parties to prepare a written order or judgment for subsequent execution and entry, and thus, there is no indication that the judge did not intend it to be a final determination of the rights of the parties with respect to the motion. See Grantham v. Shelter Mutual Ins. Co., 721 S.W.2d 242, 245 (Mo. Ct. App. 1986); Munn v. Garrett, 666 S.W.2d 37, 39 (Mo. Ct. App. 1984); Orgill Bros. & Co., Inc. v. Rhodes, 669 S.W.2d 302, 303-304 (Mo. Ct. App. 1984). The docket sheet entry is a determination of the rights of petitioner and Mr. Landreth with respect to the motion and shows the relief granted in intelligible language. Consequently it satisfies the requirements set forth in Byrd v. Brown, supra. We therefore reject petitioner's argument that the docket sheet entry lacked the requisite specificity to be considered an order or judgment.

Petitioner's argument regarding the consequence of the judge's failure to sign or initial the entry is also rejected. Although the current version of the relevant Missouri rule of civil procedure requires the signature of a judge on a judgement or order, the version in effect at the time that the docket sheet entry was made did not. Compare Mo. Ct. C.P.R. 74.01 (West 1996) with Mo. Ct. C.P.R. 74.01 (West 1986). The docket sheet entry is specific enough to be considered a judgment or order of the circuit court, and the failure of the judge to sign the entry does not render it invalid. See Byrd v. Brown, supra.

As a valid judgment or order under Missouri law, the docket sheet entry constitutes a decree for purposes of section 71. It follows, and we so hold, that the $21,600 petitioner received from Mr. Landreth during 1991 pursuant to the decree constitutes alimony or separate maintenance and must be included in her income.

In arriving at our holding we have considered petitioner's additional arguments that: (1) The docket sheet entry is not a decree because it does not contain the necessary findings under Mo. Ann. Stat. sec. 452.335 (West 1986); and (2) the docket sheet entry merely records an oral agreement between Mr. Landreth and petitioner, and we find such arguments to be without merit. With respect to the former, we note that the cited statute does not require the judge to include the required findings in a

maintenance order; rather, the statute merely requires that certain findings must be made prior to granting a maintenance order.

In support of the latter argument petitioner suggests that because Mr. Landreth provided other benefits to petitioner outside of the terms of the decree all of the benefits she received from Mr. Landreth, including the $1,800 monthly cash payments, must have been made pursuant to something other than a decree from the circuit court.  We disagree.  The decree might have been based upon the agreement between petitioner and Mr. Landreth, but it was a decree that ordered the payments nonetheless.  Respondent has not taken the position that the other benefits conferred upon petitioner by Mr. Landreth, pursuant to an oral agreement or otherwise, must be included in her income under section 71.  Moreover, petitioner's argument on this point is undermined by actions taken by petitioner and Mr. Landreth subsequent to the docket sheet entry that demonstrate they considered the docket sheet entry to be the source of Mr. Landreth's obligation to make the payments here under consideration.

To reflect the foregoing,

<u>Decision will be
entered for respondent</u>.