**A. Bryant FOSTER, Appellant,**

v.

**Judith Ann FOSTER, Respondent.**

**No. ED 77386.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2001.

---

3. *See Parton,* 895 F.2d at 1216 n. 3.

4. Martin's Motion to Dismiss and/or Quash Writ of Certiorari is denied.

David L. Baylard, Christopher W. Jensen, Union, MO, for Appellant.

Charles P. Todt, St. Louis, MO, for Respondent.

## OPINION

DRAPER, Judge.

A. Bryant Foster (hereinafter, "Husband") appeals the judgment of the trial court awarding Judith Foster (hereinafter, "Wife") $17,784.79 representing Husband's delinquent obligation to maintain a medical and hospitalization insurance policy in Wife's favor, and attorneys' fees. Hus-

band appeals claiming: (1) the trial court erred in not dismissing Wife's motion for contempt in that it was barred by the statute of limitations; (2) Wife's claim was barred by res judicata, and (3) the trial court erred in entering the award in Wife's favor. We affirm in part and reverse and remand in part.

On October 13, 1977, Husband and Wife's marriage was dissolved. Under the terms of the decree of dissolution, which incorporated the terms of the separation agreement, Wife was awarded mainte-nance in the amount of $1,125 per month. The decree further stated, "the husband shall also keep in effect at his expense the policy of medical and hospitalization insur-ance for the wife or a comparable policy." Wife obtained a court order on December 29, 1981, modifying her maintenance award, increasing it to $2,000 per month.

Wife filed a motion for contempt on November 5, 1995, alleging Husband was late continually with his maintenance pay-ments, and "[Husband] has failed to make at least five maintenance and insurance payments." On March 28, 1996, the court found Husband in contempt as to his main-tenance obligation in the amount of $12,000. The order did not mention Hus-band's obligation to pay insurance premi-ums nor that he was in contempt for fail-ing to make such payments.

Wife filed another motion for contempt on December 16, 1998, alleging Husband had continually failed to keep in effect at his expense the policy of medical and hos-pitalization insurance for Wife or a compa-rable policy. Wife alleged that beginning in December 1991, Husband failed and re-fused to pay the increase in Wife's medical and hospitalization insurance rates, and beginning in November 1997, Husband failed and refused to pay all of the expense to maintain Wife's medical and hospitaliza-tion insurance. This forced Wife to obtain and financially maintain such insurance, where the rates increased yearly due to a preexisting condition. Wife's prayer for relief included citing Husband for con-

tempt, compelling Husband to pay Wife all monies reimbursing her of his obligation, ordering Husband be incarcerated until such time as he has purged himself of this contempt, and attorney's fees.

Husband filed a motion to dismiss Wife's contempt motion in that the provision of the dissolution decree upon which Wife's motion was premised was vague, ambigu-ous, indefinite, and uncertain. Husband also filed a motion to dismiss claiming Wife's contempt motion was barred by the statute of limitations. A full hearing was conducted on Wife's motion for contempt, with the trial court taking Husband's mo-tions to dismiss with the case.

According to Wife, upon termination of Husband's employment in December 1985, she was required to obtain an individual policy of medical and hospitalization insur-ance for herself. Wife attempted to obtain insurance with Blue Cross/Blue Shield, but was turned down. Wife has been required to change insurance coverage several times to avoid premium increases, and ad-mits Husband reimbursed the premiums paid by her for her insurance coverage until December 1991.

Wife further testified Husband had not paid more than $275 per month in reim-bursement of amounts paid by her for her insurance since January 1992. Wife testi-fied her current premium was approxi-mately $660 per month. Numerous letters were exchanged where Husband stated he would not pay more than $275 per month and Wife should seek less expensive insur-ance. Wife in turn submitted several let-ters to Husband requesting the late insur-ance and maintenance payments, but most letters did not dispute the payment of $275 per month by Husband. Wife received six checks from December 1998 to August 1999 in the amount of $2,275 with restric-tive endorsements stating that the checks were for maintenance and medical insur-ance reimbursement, all of which Wife cashed. Wife testified that as a result of Husband's failure to maintain a medical

insurance policy, he was indebted to her in the amount of $17,784.79 for premiums paid by her for medical insurance.

The trial court entered its judgment on January 6, 2000, finding Husband was not in contempt under the dissolution decree. The trial court stated that although Husband failed to maintain a policy of medical insurance for Wife, the dissolution decree did not specify the monthly amount payable by Husband to maintain such coverage, thus precluding a finding of contempt. However, the trial court held the provision in the decree was not too vague or ambiguous to be enforced, and held the provision constituted an award of maintenance. Therefore, the action was not barred by the statute of limitations. The trial court entered judgment in favor of Wife in the amount of $17,784.79 and awarded Wife $4,000 in attorney's fees. Husband appeals.

▮ In civil contempt cases, the trial court's judgment will not be disturbed on appeal absent a clear abuse of discretion. *Gerau v. Gerau*, 927 S.W.2d 441, 443 (Mo. App. E.D.1996). The judgment must be sustained unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously applies or declares the law. *Id. See also*, *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

▮ Husband's first point on appeal alleges the trial court erred in not dismissing Wife's motion in that the motion was time barred by Section 516.350.1 RSMo (1994)[1] in that such payments are not maintenance and the original dissolution decree had not been revived. Section 516.350.1 states in pertinent part:

> Every judgment, order or decree of any court of record ... except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time, shall be presumed to be paid and satisfied after the expiration of ten years

from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

Wife contends that Section 516.350.2 is applicable because such payments are a form of maintenance, and thus her motion was not time-barred. Section 516.350.2 states in pertinent part:

> In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section.

In order to determine which subsection applies, we must determine whether the provision in the dissolution decree requiring Husband to "keep in effect at his expense the policy of medical and hospitalization insurance for the wife or a comparable policy" is an award of maintenance. The trial court ruled that this provision was a form of maintenance and we agree.

▮ Insurance is a form of maintenance. *Mason v. Mason*, 873 S.W.2d 631, 634 (Mo.App. E.D.1994), citing *McAvinew v. McAvinew*, 733 S.W.2d 816, 818–19 (Mo. App. W.D.1987). *See also*, *Huska v. Huska*, 721 S.W.2d 120, 121 (Mo.App. E.D.

---

1. All further statutory references are to RSMo 1994 unless otherwise noted.

1986) (holding that medical coverage was intended to provide wife with reasonable needs during pendency of the dissolution, and was therefore maintenance pendente lite); *Liberty v. Liberty*, 826 S.W.2d 381, 385 (Mo.App. E.D.1992) (treating order to provide medical insurance as maintenance in applying principles of specificity when enforcing such order); *Boettcher v. Boettcher*, 870 S.W.2d 876, 880 (Mo.App. W.D.1993) (holding that the health insurance payment should be deemed to be part of the maintenance award); *Rich v. Rich*, 871 S.W.2d 618, 624 (Mo.App. E.D.1994) (determining the trial court awarded wife a sufficient amount of maintenance in the form of medical insurance).

■ Section 516.350 alone determines the time in which a judgment may be enforced, and the exceptions contained therein operate exclusively to toll its application. *Hanff v. Hanff*, 987 S.W.2d 352, 356 (Mo.App. E.D.1998). Section 516.350.1 expressly excluded child support and maintenance judgments from its purview, presumably because they normally extend for an indeterminate period of time, often more than ten years. *Starrett v. Starrett*, 24 S.W.3d 211 (Mo.App. E.D.2000) (Dowd, J., concurring). Section 516.350.2 specifically states that in any decree awarding maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due. This is clearly an exception to Section 516.350.1. We hold that Wife's action is not barred by the statute of limitations in that she filed her motion in December 1998 and addressed premium payments that had come due from December 1991 forward. The payments Wife requested fell within the limitation period specified under Section 516.350.2. Point denied.

■ Husband's second point on appeal alleges the trial court erred in not dismissing Wife's claims because they were barred by the doctrine of res judicata and the prohibition on splitting a cause of action. Wife testified at the contempt proceeding that during her November 1995 contempt action "the insurance matter was brought up but deferred to a later date" in order to concentrate on the maintenance aspect. The judgment from the 1995 contempt action makes no mention of insurance premiums. Husband argues Wife had ample opportunity, and did in fact raise the insurance issue in the 1995 action, but decided to split her cause of action and take up the insurance action later. Wife argues the maintenance and insurance premiums are two separate forms of maintenance under the dissolution decree and therefore separately enforceable.

■ A cause of action that is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the first suit is a bar to the second suit. *Horwitz v. Horwitz*, 16 S.W.3d 599, 604 (Mo.App. E.D.2000). In general, the test for determining whether a cause of action is single and cannot be split is: (1) whether the separate actions brought arise out of the same act, contract, or transaction; or (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions. *Id.*

■ Thus, the rule against splitting a cause of action is a form of claim preclusion or res judicata. *Shores v. Express Lending Services, Inc.*, 998 S.W.2d 122, 127 (Mo.App. E.D.1999). The doctrine of res judicata renders a judgment conclusive in a subsequent action between the same parties, not only as to all issues tried, but as to all issues which might have been litigated. *Huska*, 721 S.W.2d at 121.

In applying *Huska* to the facts of the instant case, we hold Wife's claims are barred partially by res judicata. Wife raised Husband's failure to pay insurance premiums in her initial contempt action in 1995. It is irrelevant whether Wife voluntarily deferred pursuing the insurance premiums after mentioning them in her contempt motion. Rather, this was an issue

that could have been litigated in 1995, and as such, is barred by res judicata. We find that Wife was barred from relitigating any claim of contempt for failing to paying insurance premiums from 1991 to the time the court issued its judgment in March 1996 in response to her initial contempt motion.

We note, however, Wife has a viable claim for the time period from March 1996 to the present that is not barred by res judicata. Therefore, we reverse and remand this case in part to the trial court so that it may recalculate its award of damages to Wife with regard to the appropriate time period.

■ Husband's third point on appeal alleges the trial court erred in entering judgment against Husband for three reasons.[2] First, Husband argues the relief granted was beyond the scope of the contempt proceedings because Husband was not held in contempt. Husband argues that Wife is using the contempt proceeding as a substitute for a declaratory judgment action to enforce the dissolution decree.

This issue has been addressed in *Payne v. Payne*, 635 S.W.2d 18 (Mo. banc 1982). In *Payne*, Husband appealed a judgment of contempt against him, arguing the trial court misconstrued the provision he was held to have willfully violated and therefore erred in holding him in contempt. The court held that the trial court correctly construed the provision in the dissolution decree. *Id.* at 21. When addressing the issue of whether Husband should have been held in contempt for violating the decree, the court recognized that "[Husband's] alleged understanding of what the decree required of him was [not] so unreasonable or far-fetched so as to constitute simply a bad faith excuse for not paying . . . ." *Id.* at 23. The court went on, stating, "[W]here the resolution of a reasonable dispute requires judicial interpretation of the provisions to arrive at the

precise amount called for by the decree, a party ought not be held in contempt simply because that party's understanding, although arguably reasonable, was legally incorrect." *Id.* The court held that the sum arrived at by the trial court was due under the agreement and holding Husband in contempt as part of the judgment construing the amount due under the agreement was premature. *Id.* The court vacated Husband's conviction for contempt, but affirmed the award to Wife for amounts owed under the decree. *Id.* at 24.

We reject Husband's contention and find instead that *Payne* directly applies to the judgment in the instant case. Here, the trial court construed the decree provision requiring Husband to maintain a policy of medical insurance for Wife. It is apparent the trial court believed it may have been unclear as to what was required of Husband under the terms of the provision in question because it did not specify the monthly amounts payable by Husband to maintain medical coverage for Wife, thus precluding a finding of contempt. However, the trial court did ascertain the amounts due to Wife after construing the provision and entered judgment in her favor, as directed by *Payne*. Therefore, the trial court did not act beyond the scope of the contempt proceeding in entering judgment in favor of Wife in the absence of finding Husband in contempt.

■ Husband also challenges the judgment entered against him because he argues the original dissolution decree provision requiring him to maintain medical insurance was too vague and ambiguous to be enforced by the trial court. Generally a decree or judgment must be definite and certain to be enforceable. *Liberty v. Liberty*, 826 S.W.2d 381, 384 (Mo.App. E.D. 1992). However, this requirement of definiteness and certainty for maintenance and support orders is relaxed. *See Payne*, 635

---

**2.** We remind the attorneys of the importance of reviewing and following the rules set forth in Rule 84.04(d) when drafting their points

relief on to this Court. *See, Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978).

S.W.2d at 22. A provision for maintenance in a dissolution decree which lacks "pristine specificity" is enforceable if the decree can be made certain in a hearing to determine the exact amount due by ministerial computation. *Liberty,* 826 S.W.2d at 385. However, if the decree fails to set forth any specific and certain criteria to determine the amount due, the decree is unenforceable. *Id.*

In *Mason, supra,* the court construed a similar provision, and rejected husband's challenge to the provision being vague and unenforceable. In that case, the decree ordered:

> Husband agrees to keep his wife as insured, on his health insurance policy obtained through his employer so long as husband and wife remain legally separated.... In the event husband converts the decree of legal separation to a decree of divorce, husband agrees to maintain a policy of insurance on his wife at his expense.

The court distinguished *Echele v. Echele,* 782 S.W.2d 430 (Mo.App. E.D. 1989) and *Wilson v. Farrow,* 583 S.W.2d 545 (Mo.App. E.D.1979), both holding decree provisions vague and therefore unenforceable. The *Mason* court held that based on the couple's history, where husband provided wife with insurance throughout their marriage and legal separation, and the absence of any contrary language in the separation agreement, it assumed the parties intended that husband provide insurance which was comparable to the employer-subsidized insurance after the divorce was finalized, thus rendering the provision enforceable. *Mason,* 873 S.W.2d at 634.

We reject Husband's argument herein and hold the provision in the instant case is not so vague and ambiguous so as to render it unenforceable. There is ample evidence in the record Husband provided Wife with insurance from the time of their divorce until he lost his job in 1986. From that point forward, Husband was consulted about the various insurance policies Wife procured on her own and for which Husband made premium payments. We can assume that the parties intended, as the court did in *Mason,* that Husband was to provide Wife insurance that was comparable to that insurance which existed at the time after the divorce was finalized and on which he agreed to pay the premiums.

 Finally, Husband argues Wife waived her claim through acquiescence in that she voluntarily accepted Husband's payments of a lesser amount. Waiver by acquiescence is an equitable doctrine often used by persons attempting to quash executions on judgments for maintenance and/or child support. *Grommet v. Grommet,* 714 S.W.2d 747, 749–51 (Mo.App. E.D.1986). Parties utilize the doctrine in an attempt to bypass the general rule that neither side may modify or ignore a court order. *Id.* at 750. Waiver by acquiescence is an affirmative defense, and the party asserting such defense must sustain the burden of proof. *State ex rel. Division of Family Services v. Willig,* 613 S.W.2d 705, 706 (Mo.App. E.D.1981).

 To invoke the doctrine of waiver by acquiescence, the obligor must show more than an agreement by the obligee to accept reduced payments or a delay in demanding full payment. *Dwyer v. Dwyer,* 895 S.W.2d 183, 186 (Mo.App. E.D. 1995). "[W]aiver by acquiescence does not arise in the absence of some fact or circumstance which warrants the invocation of equitable considerations in order to avoid injustice." *Grommet,* 714 S.W.2d at 751. Therefore, we look for some form of injustice suffered by the party invoking waiver and consider principles of fairness. *Dwyer,* 895 S.W.2d at 186. Injustice can be found by establishing a change in the party's situation brought on by relying on a misconception of the waiving party's intent. *Id.*

We hold that Wife has not waived by acquiescence her claim to insurance premium payments above $275 per month. Wife testified she never agreed with Husband

that $275 per month was sufficient to cover her insurance premiums, despite Husband informing her that this was all he was willing to spend unless she found less expensive insurance. Wife sent several letters requesting Husband become current on his delinquent maintenance and insurance premiums, and forwarded all insurance information to Husband. While some of these letters did not indicate that Wife disagreed with Husband's action in only paying $275.00 as opposed to the cost of the actual premium, other letters did address the differences. Most importantly, Husband has presented no evidence to indicate how he has detrimentally relied upon Wife's agreement to accept a lower insurance premium, which is his burden to carry. Point denied.

The judgment of the trial court is affirmed in part, reversed and remanded in part.

GARY M. GAERTNER, P.J., and CRAHAN, J., concur.

Edgar E. Lim, St. Louis, MO, for appellant.

Steven W. Edwards, Clayton, MO, for respondent.

Before GARY M. GAERTNER, P.J., CRAHAN, J., and DRAPER, J.