Tracy STAUFFER, Appellant,

v.

Yvonne STAUFFER, Respondent.

No. WD 68869.

Missouri Court of Appeals,
Western District.

Oct. 28, 2008.

Richard W. Sullivan, Independence, MO, for Respondent.

James A. Rahm, Carrollton, MO, for Appellant.

Before JOSEPH M. ELLIS, Presiding Judge, RONALD C. HOLLIGER, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

Tracy Stauffer ("Husband") appeals from a judgment entered in the Circuit Court of Jackson County concluding that he was in arrears on his maintenance payments to his ex-wife, Yvonne Stauffer ("Wife"), and denying his motion for termi-nation of income withholding. For the following reasons, the judgment is re-versed.

On July 21, 2003, the Circuit Court of Jackson County entered a judgment dis-solving the marriage between Husband and Wife. The court ordered Husband to pay $1,200.00 a month in child support for the couple's two minor children to be paid through the Family Support Payment Center. The court also ordered Husband to pay Wife $800.00 per month in spousal maintenance from April 1, 2003, until cer-tain real estate owned by the couple in Jackson County was sold [1] or until Decem-ber 31, 2008, whichever came first.

After the decree of dissolution was en-tered, Husband's daughter from a former marriage continued to live with Wife and the other children in the house owned by Husband in Oak Grove, Missouri. In Sep-tember 2003, Husband moved in with Wife, and they opened a joint bank account to-gether into which Husband's salary was automatically deposited and from which the mortgage was paid. In addition, Hus-band granted Wife his power of attorney, and she managed the couple's finances and paid the bills from their various accounts. In 2005, Husband bought Wife a car. Aside from a four-month interlude, Hus-band and Wife continued to live together until May 2007. Wife remained unem-ployed the entire time that she and Hus-band were living together.

On June 27, 2007, Wife filed an applica-tion for income withholding in the circuit court alleging that Husband was $26,952.47 in arrears on his spousal sup-port payments. Husband responded with a motion to quash that income withholding, asserting that he had satisfied his mainte-

---

**1.** According to the property division in the judgment, Wife was to receive any profit from the sale of that property.

nance obligation by providing Wife with a place to live and through bonus checks of his that Wife had cashed and placed in her private account. Following a hearing on the matter, the family court commissioner issued her judgment denying Husband's motion to terminate income withholding, ruling that "[h]is claim that he should be given credit for letting [Wife] reside in the house is not paying maintenance as ordered." The judgment did not mention Husband's bonus checks. The commissioner's judgment was subsequently adopted by the circuit court.

In his sole point on appeal, Husband contends that the circuit court erred in denying his motion to terminate income withholding. He argues that the court should have set-off against his maintenance obligation amounts he paid from the joint bank account for various expenses, a credit for providing her with housing, and money received by Wife from some bonus and tax return checks.

"As in any court-tried case, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Janes v. Janes*, 242 S.W.3d 744, 748 (Mo.App. W.D.2007) (internal quotation omitted). "In making that determination, we afford the trial court deference with regard to its determinations of credibility and view the evidence in the light most favorable to its decision." *Id.* (internal quotations omitted).

Husband testified that he received a bonus check in 2006 for $18,184.50 and that Wife received $15,187.50 of that. He stated that Wife cashed his $20,878.50 bonus check for 2007 and placed all of that money in her bank account. Husband also testified that Wife endorsed his $4,439.60 vacation check and deposited it in her personal account.

While failing to address the other amounts referenced by Husband, Wife admitted retaining in her possession the $20,878.50 received from cashing Husband's 2007 bonus check using her power of attorney. Wife claimed that she had subsequently spent most of that money on expenses for Husband and the children, but admitted that $5,000.00 was still in her possession. Wife unequivocally agreed that the $5,000.00 should be credited toward Husband's maintenance obligation.

The trial court's judgment fails to make any mention of the bonus checks and does not credit Husband with any amount therefrom. In this respect, the trial court's judgment is clearly against the weight of the evidence, which dictates that he receive, at the very least, credit for the $5,000.00 stipulated by Wife. Accordingly, the judgment must be reversed and remanded for the court to determine how much of the money Wife obtained from the various checks should be credited against Husband's arrearage.

We further note that statements made by the commissioner and the wording of the judgment indicate that the commissioner was under the mistaken impression that she could not take equitable considerations into account. Given the facts of the case, the trial court most certainly should have considered Husband's claim that Wife waived her right to maintenance while they were living together through acquiescence.

"Waiver by acquiescence may be interposed as a defense of an action brought by wife for arrearages in alimony or past due child support." *Murray v. Murray*, 176 S.W.3d 713, 716 (Mo.App. E.D.2005). "Waiver by acquiescence is an equitable doctrine often used by persons attempting to quash executions on judgments for maintenance and/or child sup-

port." *Foster v. Foster,* 39 S.W.3d 523, 530 (Mo.App. E.D.2001). "Parties utilize the doctrine in an attempt to bypass the general rule that neither side may modify or ignore a court order." *Id.*

Waiver by acquiescence arises where "some fact or circumstance warrants the invocation of equitable considerations in order to avoid injustice." *Id.* (internal quotation omitted). "Therefore, we look for some form of injustice suffered by the party invoking waiver and consider principles of fairness." *Id.* "Injustice can be found by establishing a change in the party's situation brought on by relying on a misconception of the waiving party's intent." *Id.*

Wife waited over three and a half years, until they were no longer living together, to claim that Husband was in arrearage on his maintenance payments. Both parties testified that, while they were living together, they maintained a joint bank account and Wife paid no rent to Husband. The record reflects that Husband's wages were directly deposited into the joint account held by the couple and that the mortgage and homeowner's insurance payments were made from that account. Wife conceded that Husband would also occasionally pay for utilities from that account.

Even if the commissioner rejected Husband's testimony that Wife expressly agreed to accept living in the home rent-free in place of maintenance, Wife's failure to claim any arrearage while the couple was living together, either by legal action or simply requesting payment from Husband, would certainly be sufficient to support a finding that she implicitly agreed to accept lodging and other benefits from Husband in lieu of maintenance during that period. Maintenance is intended to help the receiving spouse meet their needs and "is not awarded for the purposes of building an estate or accumulation of capi-

tal." *Cohen v. Cohen,* 178 S.W.3d 656, 667 (Mo.App. W.D.2005). Husband appears to have provided more than $800.00 per month toward Wife's basic needs while they were living together with at least an implicit agreement that this was being done in place of maintenance.

The circumstances would also support a finding that the invocation of equitable principles is necessary to avoid an injustice. Wife's failure to demand payment of maintenance, while she was living in Husband's home, accepting the other benefits he was providing, and taking cash from him, denied Husband the opportunity to request rent from her, to ask her to move out, or to restrict the amount of his money to which she had access.

Accordingly, on remand, in addition to assessing how much credit Husband was entitled to from the money Wife took from his bonus checks, the trial court shall consider whether Wife waived by acquiescence the maintenance payments owed to her by Husband while they were living together.

All concur.