**Reynal CALDWELL, Appellant,**

v.

**Theresa CALDWELL, Respondent.**

**No. ED 95484.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 2011.

Thomas G. Lemley, Clayton, MO, for Appellant.

Alan E. DeWoskin, Henry M. DeWoskin, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Reynal Caldwell ("Husband") appeals the trial court's contempt judgment and order of commitment against him. We reverse.

## I. BACKGROUND

On April 30, 2009 a dissolution of marriage action was tried before the trial court and an order was entered on December 2, 2009, which was amended in part on February 22, 2010. Pursuant to that order, Husband was ordered to pay Theresa A. Caldwell ("Wife") $2,500 per month in maintenance, $3,000 on a U.S. Bank credit card debt, $5,544.75 in Wife's attorney's fees, and to defend, indemnify, and hold Wife harmless with respect to obligations relating to property awarded to Husband.

On April 6, 2010 Wife filed a Motion for Contempt and Order to Show Cause because Husband was not fulfilling the requirements of the dissolution order. The trial court held a hearing on June 21, 2010, where Husband testified that he earned $83,000 per year working part time at a medical correctional facility and that he further earned approximately $940 per month as an Army Reservist. Further, Husband testified that in 2008 he received $40,500 from Caldwell General Practice

("CGP") and in 2009 he received $25,000 from CGP, but currently was receiving "zero" salary from the practice. Husband further testified that his monthly income exceeded his monthly expenses by only $900 to $1,000. At the time of the hearing, Husband testified his checking account held approximately $900 and his savings account held approximately $200. Wife adduced no evidence to contradict any of Husband's testimony.

The trial court entered its Judgment and Order, finding Husband in contempt and ordering him to pay Wife $20,000 plus 9% interest for monthly maintenance payments accrued from December 2, 2009 to July 2010, to pay or refinance the loans on the property Husband owned (totaling over $243,000), to pay the $3,000 debt on the U.S. Bank credit card, and to pay Wife's attorney's fees in the amount of $5,544.75 with 9% interest from December 2, 2009 and an additional $1,935.50 in attorney's fees, all no later than August 10, 2010.

On August 27, 2010, after Husband had still not paid, the trial court entered its Judgment of Contempt and Commitment Order, finding Husband guilty of indirect civil contempt and committing him to the jail of the City of St. Louis until he had purged himself of the contempt. Husband appeals.

## II. DISCUSSION

In his first two points on appeal, Husband argues that the trial court erred in entering its Judgment of Contempt and Commitment Order because there was not sufficient evidence to support the finding that Husband was financially able to make the payments required to purge the contempt, and because the trial court did not set out findings sufficient to support the judgment. We agree.

■ "In civil contempt cases, the trial court's judgment will not be disturbed on appeal absent a clear abuse of discretion." *Gerau v. Gerau*, 927 S.W.2d 441, 443 (Mo. App. E.D.1996). The judgment must be sustained unless there is no substantial evidence to support it, it is against the weight of evidence, or it erroneously applies or declares the law. *Id.*

■ If a contemnor is to be imprisoned for failing to pay money pursuant to a court order, in order to assure he has the means to secure release, the contemnor must have the ability to purge himself of his contempt. *In re Brown*, 12 S.W.3d 398, 400 (Mo.App. E.D.2000). There is no evidence in this record to indicate that Husband has the ability to purge himself of contempt.

Here, Husband was required by the trial court to pay $22,500.00.[1] The evidence presented at the contempt hearing was Husband's testimony that his monthly income exceeded his monthly expenses by only $900 to $1,000 and that Husband's checking account held approximately $900 and his savings account held approximately $200. Wife presented no evidence contradicting Husband's testimony.

■ Both the judgment and commitment order must set forth facts and circumstances which constitute contempt. *Id.*

In the case at bar, the Judgment of Contempt states:

Whereas on June 21, 2010, after written notice of the charge of indirect civil contempt pursuant to a show cause order dated April 6, 2010, which was personally served on Reynal Caldwell on April 23, 2010 and after a full hearing on

the matter on June 21, 2010, the Court finds that Reynal Caldwell did:

1. Fail, since December 2, 2010, to make monthly maintenance payments in the amount of $2,500.00 to Theresa Caldwell.

and which said acts of Reynal Caldwell violated this Court Order's directives contained in the December 2, 2009 judgment. The conduct of Reynal Caldwell, by violating the Court's orders, was and is material to the above entitled action.

After personal service of said charges and a full hearing on the matter at which Reynal Caldwell was provided the opportunity to answer these charges of contempt, this Court finds that Reynal Caldwell is guilty by reason of said acts of indirect civil contempt.

That allocution was granted to Reynal Caldwell after the hearing on the above matter and Reynal Caldwell was told that he would be imprisoned for his conduct.

Therefore, to compel compliance with this Court's said orders, Reynal Caldwell is hereby sentenced to imprisonment in the St. Louis City Jail and/or is hereby ordered to pay to Theresa Caldwell the sum of $22,500.00 until Reynal Caldwell elects to adhere to this Court's Order of December 2, 2009 directing that he make monthly maintenance payments in the amount of $2,500.00.

The trial court made no findings determining Husband's income, his other financial obligations, whether he had divested himself of assets, what other assets were available to him, or the reasonableness of his claimed expenses. *Roark v. Roark*, 723 S.W.2d 439, 441 (Mo.App. E.D.1986). The judgment of contempt and the commitment order themselves state only con-

---

1. The Commitment Order stated that Caldwell was to be committed "to the Jail of the City of St. Louis until such time as he has purged himself of this contempt by paying in full the sum of $22,500.00 and he has been ordered discharged."

clusions, not facts, and, therefore, are facially insufficient. *Id.* Point granted.

Because we find Husband's first two points on appeal dispositive we need not address his final point. "Issues that are not essential to a disposition of the case should not be addressed." *O'Hare v. Permenter,* 113 S.W.3d 287, 289 (Mo.App. E.D.2003) (quoting *State v. Kinkead,* 983 S.W.2d 518, 520 (Mo. banc 1998)).

### III.   CONCLUSION

The judgment of the trial court is reversed.

KENNETH M. ROMINES, J., and GARY DIAL, Sp. J., concur.