Gwen **WILLING, Appellant,**

v.

**DIVISION OF CHILD SUPPORT ENFORCEMENT, Department of Social Services, State of Missouri, Respondents,**

**and Michael Hodge, Respondent.**

**No. WD 56313.**

Missouri Court of Appeals,
Western District.

June 22, 1999.

As Modified Aug. 26, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1999.

Frank Wallemann, Jefferson City, for Appellant.

Spencer Williams and Vonnieta Trickey, Jefferson City, for Respondent.

FOREST W. HANNA, Judge.

Gwen Willing, the plaintiff, appeals from a judgment of the Cole County Circuit Court affirming the decision of the Department of Social Services, Division of Child Support Enforcement. The Division found that Mr. Hodge owed child support arrearage of only $1660 because Ms. Willing waived her right to child support for a period of nine years. Ms. Willing complains that the waiver by acquiescence doctrine is not applicable because Mr. Hodge failed to show that he suffered some form of injustice. We disagree and, therefore, affirm.

On May 23, 1983, the Cole County Circuit Court issued a decree of dissolution in the marriage of Gwen (now Willing) and Mitchell Hodge. The decree granted Ms. Willing primary physical custody of the parties' only child, Cody Hodge, born April 12, 1983. The decree granted Mr. Hodge "the right of reasonable visitation," and ordered him to pay child support in the amount of $130 per month.

From 1983 to 1988, Mr. Hodge paid no child support and Ms. Willing made no efforts to collect child support. During this five-year period, Mr. Hodge saw his son once- at the hospital, once when he was one to two weeks old, and for one weekend when the child was three months old. On May 3, 1988, Willing's new husband went to Hodge and requested that Hodge sign a *Consent to Parent Adoption* agreement. Under the terms of the agreement, any and all parental rights that Mr. Hodge had as the natural father would be terminated. The new husband told Hodge that Hodge would no longer have to

pay child support. The consent made no mention of past due child support. Hodge agreed to the consent to adopt agreement and signed it.

Willing and her husband never filed a petition for adoption. Willing changed the child's name from Hodge to Willing for purposes of his school and medical records. After signing the consent to adoption agreement, Hodge was aware of Cody's name change and continued to have minimal contact with Cody.

Sometime in 1997, Willing contacted the Department of Social Services, Division of Child Support Enforcement in an effort to collect child support payments from Hodge. On March 16, 1997, the Division notified Hodge that he owed $21,420 in back child support. At Hodge's request, a telephone hearing was held on November 21, 1997. On December 31, 1997, the Division decided that child support payments, due prior to April 1987, were more than ten years delinquent and, therefore, were presumed satisfied in accordance with the statute of limitations, § 516.350, RSMo 1994. The Division further found that Willing waived by acquiescence her right to child support payments for that period beginning on the day that Hodge signed the consent to adopt agreement (May 3, 1988) and ending on the day that Hodge was notified that he owed past due child support (March 2, 1997). As a result, the Division concluded that Hodge owed an arrearage of $1660 in child support as of November 7, 1997. *See Sagos v. Sagos,* 729 S.W.2d 76, 80 (Mo.App.1987)(holding that the defense of waiver by acquiescence may apply to bar the payment of child support already accrued, but not the payment of future support)*; Dablemont v. McMinn,* 691 S.W.2d 490, 491 (Mo.App.1985)(holding that defense of waiver by acquiescence would apply to bar full payment of past due child support, but not future support, where the parties had agreed extrajudicially to payment of a lesser amount of support in return for the father's relinquishment of visitation

rights). Willing appealed the Division's order to the Cole County Circuit Court where the order was affirmed after a hearing. This appeal followed.

◼ On appeal from a circuit court judgment in an action for judicial review of an administrative agency determination, the appellate court reviews the decision of the agency, not the judgment of the circuit court. *Cole v. Dept. of Social Services,* 896 S.W.2d 71, 73 (Mo.App.1995); *State ex rel. Clatt v. Erickson,* 859 S.W.2d 239, 241 (Mo.App.1993). In reviewing the evidentiary findings of fact in an administrative decision, the reviewing court may only determine whether the decision is supported by competent and substantial evidence upon the record as a whole, whether it is arbitrary and capricious or unreasonable, or whether the agency abused its discretion. *Kansas City v. Missouri Comm'n of Human Rights,* 632 S.W.2d 488, 490 (Mo. banc 1982). Questions of law are matters for the independent judgment of the court. *Gilmore v. Thompson,* 413 S.W.2d 20, 23 (Mo.App.1967).

◼ The doctrine of waiver by acquiescence is the subject of this appeal. In her sole point, Willing contends that the Division erred in accepting Hodge's waiver by acquiescence defense because Hodge did not prove that the facts of this case would produce unjust results. Willing refers us to *Grommet v. Grommet,* for the proposition that the waiver by acquiescence doctrine requires a showing of injustice. 714 S.W.2d 747, 751 (Mo.App.1986). In that case, the court indicated that:

> The defense denominated as waiver by acquiescence does not arise in the absence of some fact or circumstance which warrants the invocation of equitable considerations in order to avoid injustice ... Delay alone does not preclude the demand for full payment ... The concept called waiver by acquiescence is an equitable doctrine. We look, therefore, for some indicia of injustice such as a *change in the father's position*

induced by a misconception of the mother's intent or the status of his court decreed obligation.

*Id.* (emphasis added). Willing maintains that Hodge cannot show that he suffered an injustice because there was no change in his situation. Specifically, Willing points to the fact that Hodge saw his son only once before he signed the consent to adopt agreement.

In *Dwyer v. Dwyer*, the court held that application of the waiver by acquiescence doctrine was not warranted because the husband failed to show he suffered an injustice. 895 S.W.2d 183, 186 (Mo.App. 1995). The facts of that case reveal that the trial court determined that the wife was entitled to $1200 per month in maintenance from her former husband. *Id.* at 184. Immediately following the trial, the wife allegedly agreed to accept only $400 per month in maintenance. *Id.* The husband paid the wife an average of $518 per month for a period of two years before the wife filed a wage assignment. *Id.* at 185. While husband was paying this lesser amount, he bought himself a new truck, a new car, a new home, and new carpeting. *Id.* In light of these circumstances, the court determined that the husband had failed to establish any equitable injustice and, thus, could not utilize the waiver by acquiescence doctrine. *Id.* at 186. In reaching this conclusion, the court stated that "[i]njustice can be found by establishing a change in Husband's situation brought on by relying on a misconception of Wife's intent." *Id.*

Although *Dwyer* discussed the waiver by acquiescence doctrine, it differs from the present case in several important aspects. In *Dwyer*, the plaintiff received a reduced amount of maintenance for a period of two years, thus, she was seeking reimbursement of only the difference between the court ordered amount and the reduced payment. Here, Ms. Willing- did not receive, nor did she request, any child support for a period of more than ten years. Now, she is seeking full reimbursement of

child support owed for a period of ten years. Additionally, in *Dwyer*, it was the husband who approached the wife and misled her into believing that she could only recover a lesser payment. Whereas here, Willing's husband convinced Hodge to sign a consent to adopt ... Importantly, Willing never informed him that the adoption was not completed.

In *Rodgers v. Rodgers*, the court applied the waiver by acquiescence defense under circumstances that are factually similar to those found in the present case. 505 S.W.2d 138, 145–46 (Mo.App.1974). Specifically, the *Rodgers* court held that a mother's agreement to forego past due child support in consideration of the father's signing a consent for adoption agreement was held to be a valid settlement of past due child support. *Id.* at 146. In reaching this decision, the court emphasized that the mother's conduct in misleading the father into believing that the adoption had been consummated deprived the father of his right of visitation for a period of four years. *Id.* at 145. Moreover, the court determined that in reliance upon her misrepresentation, the father had liquidated the children's trust accounts. *Id.* Based on these circumstances, the court held that equitable considerations estopped the mother from changing the position she had maintained for so many years regarding past due support payments. *Id.* at 146.

In the present case, Hodge maintains that he relied upon the consent to adopt and the following years of silence to mean that his rights of visitation were terminated. As such, Hodge argues that it would be unjust to require him to pay past due child support for that period that he was led to believe he no longer had parental rights. We agree. Under this evidence, the agency rightly concluded that Willing, by failing to pursue enforcement of the child support payments "over so long a period lulled the defendant into a false sense of security ... that she deprived him of his rights of visitation with [Cody]

and thereby achieved a result she very much desired." *Rodgers*, 505 S.W.2d at 146. We hold, therefore, that the Division did not err when it found that Willing had acquiesced in Hodge's failure to remit the *past due* child support payments as they became due.

Affirmed.

SMART, P.J., and LAURA DENVIR STITH, J., concur.