Brian G. DAVIS, Respondent,

v.

DEPARTMENT OF SOCIAL SER-
VICES, DIVISION OF CHILD SUP-
PORT ENFORCEMENT, Appellant,

Michelle Vega, Plaintiff.

No. WD 57209.

Missouri Court of Appeals,
Western District.

June 30, 2000.

Carolyn Hajaved Kerr, Jefferson City, for appellant.

R. Michael Latimer, Shawnee Mission, Kan., for respondent.

Christopher T. Wilson, Overland Park, Kan., for plaintiff.

Before HOWARD, Presiding Judge, ELLIS, Judge, and LAURA DENVIR STITH, J.

JOSEPH M. ELLIS, Judge.

On October 3, 1997, Appellant, Division of Child Support Enforcement (Division), sent Brian Davis a Notice and Finding of Financial Responsibility, alleging that he was the natural father of Jonathon K. Vega, born May 26, 1997, and ordering him to pay child support to the child's natural mother and custodial parent, Michelle Vega, in the amount of $400 per month beginning November 15, 1997. On October 22, 1997, Davis filed a request for administrative hearing, and a telephone hearing was held on January 14, 1998. At the hearing, the Division submitted a Form 14 alleging Davis' monthly gross income to be $1,276.25, and calculated his child support obligation at $400 per month. Davis testified that the Division's calculation was incorrect since it had used a figure from early 1997 when he had been employed by UPS on a full time basis. At this time, he was also attending college full time. He further testified that he lost his UPS job in 1997. Davis testified that he was currently working part time at Federal Express as well as attending post-graduate school full time, working toward his master's degree. He indicated that his monthly income was actually $866. The hearing officer imputed income to Davis based upon his past earning capacity in the amount of $1,190.37, which averaged his past and present incomes. His child support obligation was calculated to be $371 per month. The hearing officer noted that Davis offered no evidence that he was precluded from earning such income while enrolled in the master's degree program.

Davis filed a petition for review in the Circuit Court of Cass County, which was heard on February 17, 1999. On April 7, 1999, the trial court issued its judgment reversing the agency's decision and finding that Davis' monthly wage was $866. The court ordered Davis to submit a revised Form 14. Based upon Davis' revised Form 14, the trial court reduced his child support obligation to $159 per month retroactive to November 19, 1997. The Division filed a motion for reconsideration on April 22, 1999, which was denied. This appeal followed.

■ On appeal from a circuit court judgment in an action for judicial review of an administrative agency determination, we review the decision of the agency, not the judgment of the circuit court. *Willing v. Division of Child Support Enforcement,* 998 S.W.2d 568, 570 (Mo.App. W.D.1999). In reviewing the evidentiary findings of fact in an administrative decision, this court may only determine whether the decision is supported by competent and substantial evidence upon the record as a whole, whether it is arbitrary and capricious or unreasonable, or whether the agency abused its discretion. *Id.* Questions of law are matters for our independent review and correction. *Id.*

■ A parent is not permitted to escape responsibility to his or her family by deliberately limiting his or her work to reduce income. *Smith v. Smith,* 969 S.W.2d 856, 858 (Mo.App. E.D.1998). In order to avoid such a situation, income may be imputed to a parent based on what that parent could earn by the use of his or her best efforts. *Id.* at 858–59. However, it is axiomatic that there must be evidence to support a finding that the parent is deliberately limiting his or her work to reduce income before it is appropriate to impute income.

■ In the case *sub judice,* there is no such evidence. Davis was working full time at UPS in 1997 and attending school full time. He lost his job at UPS as a result of the strike. Soon after, he found a job doing the same type of work at Feder-

al Express but it was only part time, and he was then attending graduate school. There is no evidence that Davis had an opportunity to return to UPS full time and refused, nor is there anything in the record that would even support such an inference. Moreover, there is no evidence, or even an inference, on the record that Davis was trying to avoid his responsibility to support his child by being underemployed.

Under these circumstances, and based on the record before us, the Division's determination of Davis' income was unsupported by substantial and competent evidence. Accordingly, the trial court's judgment is affirmed.

All concur.