MARY W. SHEFFIELD, J.
Michael Eugene Sneed ("Defendant") appeals his convictions, following a bench trial, for two counts of first-degree child molestation (Counts 1 & 2), one count of first-degree statutory rape (Count 3), one count of second-degree statutory sodomy (Count 4), and one count of incest (Count 5). Defendant's sole point on appeal argues the trial court abused its discretion in denying his motion for a § 552.020[1] mental examination and proceeding through trial and sentencing without ordering such an examination. For the reasons that follow, the trial court's judgment is affirmed.
Background[2]
Twenty-eight minutes prior to the scheduled start of trial, defense counsel ("Counsel") filed a motion for a mental examination pursuant to § 552.020 ("the motion").[3] The motion claimed that Defendant was a "critical witness in his case and [C]ounsel believes he is unable to testify on his own behalf." Accordingly, the motion requested that the court "order a mental exam to determine Defendant's ability to aid in his own defense[.]" In *383 support, the motion made the following factual allegations:
1. That Defendant has uncontrollable arm movements, twitches, and random facial movements.
2. That his conversation is unstructured and incoherent in that he starts one thought and randomly jumps to a new subject.
3. That he stated he has been on suicide watch all of last week.
4. That he has attempted suicide twice in the recent past.
5. That Defendant states he has been in multiple mental health facilities bases [sic] on multiple severe diagnoses.
The trial court heard arguments on the motion prior to opening statements. Counsel asserted that Defendant was taking an unspecified "lithium-based medication" and when Defendant was not on his medication, he had "real disconnected thought processes." Counsel posited to the trial court, "It appears to me to be schizophrenia, because he'll go down one conversation, one topic, and he starts laughing, and then all of a sudden he'll jump to something completely different. And he laughs at inappropriate times and just really bizarre behavior." Counsel claimed he needed Defendant to testify, but Counsel did not believe Defendant was competent to testify "at least at this point." Counsel did not inform the trial court whether Defendant was taking his medication the morning of trial.
The trial court denied the motion, finding there was not sufficient evidence at that time to grant the motion. The trial court clarified, however, that if Counsel renewed the motion at the conclusion of the State's case, the trial court would consider the motion again. Counsel did not renew the motion for mental examination at any subsequent time. Defendant did not testify.
Prior to announcing the verdicts, the trial court sua sponte made the following record:
I do want to make one comment before I make a finding here, and I do intend to rule today. That is concerning the motion for mental exam. I tried to be clear on that this morning in giving [Counsel] opportunity to present whatever he wanted to in regard to that. And I think he presented me what he had in terms of conclusions about his own observations, which I take those very seriously when [C]ounsel say those things.
But at the end of that, I'm still faced with just ruling based upon the information that is in front of me, and I did not find that there was sufficient grounds for a mental examination and evaluation to be ordered. I kept my mind open in that regard and told [Counsel] he could renew that if he wished to in the case.
I also, because the Court has an independent duty in that regard, if it should come to the Court's attention that there's any reasonable grounds to believe [Defendant] is suffering from an incapacity, I observed [Defendant] during the course of this trial today. I observed his demeanor and his behavior, and perhaps lack of behavior, in that he interacted with [C]ounsel in the way that defendants normally do.
That is, I observed at least seven independent times that I made note of that he conferred with [C]ounsel, that he made notes and passed to [C]ounsel, that they discussed things that were happening when witnesses were testifying. That is the type of behavior that happens every day in this courtroom. I observed nothing that was unusual in that regard. So I'm not saying that that's determinative of anything, to be *384 clear. I'm just saying that adds to what the Court is taking into consideration.
So in terms of independent duty, I find no reason to believe that [Defendant] is suffering from any sort of mental incapacity at this juncture, based upon what is before me.
The trial court found Defendant guilty as charged and imposed three seven-year sentences (Counts 1, 2, and 5), one 15-year sentence (Count 4), and a life sentence (Count 3), concurrent with each other and any other sentences. This appeal followed.
Discussion and Decision
Defendant's sole point claims the trial court abused its discretion by denying the motion for a § 552.020 mental examination and proceeding through trial and sentencing without ordering such an examination. Defendant argues that the factual allegations in the motion and Counsel's arguments prior to trial constituted reasonable cause to believe Defendant was unable to assist in his own defense and that a reasonable judge in the same position would have doubted Defendant's competency to stand trial.
"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." State v. Johns , 34 S.W.3d 93, 104 (Mo. banc 2000). Missouri has codified this constitutional requirement in § 552.020.1, which provides that "[n]o person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures."
The test for competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as a factual understanding of the proceedings against him. Edwards v. State , 200 S.W.3d 500, 519 (Mo. banc 2006). "In Missouri a defendant is presumed competent, and has the burden of proving incompetence by a preponderance of the evidence." Section 552.020.8; State v. Anderson , 79 S.W.3d 420, 432-33 (Mo. banc 2002). When sufficient information comes before the court such that the judge has reasonable cause to believe the defendant lacks fitness to proceed, the judge must order a mental examination, even if counsel has not raised the issue. Section 552.020.2; State v. Yeager , 95 S.W.3d 176, 179 (Mo. App. 2003). "Reasonable cause may arise from evidence adduced or from the trial court's personal observation of [the defendant]." State v. Mercado , 787 S.W.2d 848, 851-52 (Mo. App. 1990). "The mere filing of a motion under [section] 552.020 and counsel's naked assertion that the accused is incompetent does not provide the trial court with reasonable cause to believe that the psychiatric examination is required. There must be evidence tending to show incompetency or it must appear to the trial court from personal observation that the defendant is incompetent." Guinan v. State , 726 S.W.2d 754, 757 (Mo. App. 1986). Where the available facts do not rise to the level of "reasonable cause," the trial court has broad discretion in deciding whether to order a mental exam. Holman v. State , 88 S.W.3d 105, 110-11 (Mo. App. 2002) ; State v. Tilden , 988 S.W.2d 568, 576-77 (Mo. App. 1999). The court is not a mere "automaton" that must grant such motions just because they have been filed. Woods v. State , 994 S.W.2d 32, 37 (Mo. App. 1999).
"The guiding issue of appellate review where the court has not sustained or *385 instituted an order for a mental exam under [section] 552.020.2, is not whether the defendant was truly competent to stand trial, but, rather, whether the failure to order an exam under the circumstances constituted a denial of due process." Woods , 994 S.W.2d at 37. When reviewing whether reasonable cause existed to have ordered an exam, this court determines whether a reasonable judge, in the same situation as the trial judge, should have experienced doubt as to the defendant's competency. State v. Tokar , 918 S.W.2d 753, 762-64 (Mo. banc 1996) ; State v. Elam , 89 S.W.3d 517, 521 (Mo. App. 2002).
State v. Williams , 247 S.W.3d 144, 148 (Mo. App. S.D. 2008).
The record before us refutes Defendant's contention that there was reasonable cause to believe he was unable to understand the proceedings against him or assist in his defense. The factual allegations in the motion were not self-proving and, standing alone, were insufficient to provide reasonable cause to the trial judge to doubt Defendant's competence. See Williams , 247 S.W.3d at 150 ; Woods , 994 S.W.2d at 37 ; Guinan , 726 S.W.2d at 757. Similarly, Counsel's unsworn arguments were not evidence of the facts asserted, State v. Osborn , 504 S.W.3d 865, 872 (Mo. App. W.D. 2016), and Counsel did not ask for an evidentiary hearing on the motion. Thus, no evidence as to Defendant's mental status was before the trial court. "In the absence of such proffered evidence, the trial court was left with only its personal observations with which to evaluate Defendant's current mental competency." Williams , 247 S.W.3d at 149.
Regarding those personal observations, the trial court recognized that "[t]he issue of competence is not waived once the trial begins[,]" Woods , 994 S.W.2d at 36, and carefully monitored Defendant to ensure that no reasonable cause arose to believe Defendant lacked capacity to assist in his own defense.[4] The trial court also encouraged Counsel to renew the motion if Defendant's ability to assist in his own defense became an issue. Counsel did not do so "and, therefore, it was reasonable for the trial court to conclude that the issue was not worthy, in fact, of being brought again to the court's attention." Tokar , 918 S.W.2d at 764.[5] Even after the findings of guilt were announced Defendant remained an active participant in his own defense by filing an 18-page pro se motion for new trial, which recited in great detail the factual background of Defendant's trial, the adverse legal rulings *386 against Defendant, and why Defendant perceived those adverse rulings as prejudicial.
In short, the record does not reveal any evidence that would cause the trial judge, based on his personal observations, to doubt Defendant's competence. No further requests were made to the court to reconsider its initial ruling. At all times during trial and sentencing, Defendant appeared to be completely engaged with his attorneys and the trial judge, and he exhibited a rational and factual understanding of the proceedings against him. Because there was no evidence providing reasonable cause for the trial court to doubt Defendant's competency, the trial court did not abuse its discretion in denying the motion for mental examination.
Point 1 is denied. The trial court's judgment is affirmed.
DANIEL E. SCOTT, J. - CONCURS
WILLIAM W. FRANCIS, JR., P.J. - CONCURS

Statutory references are to RSMo (2016).

Defendant does not challenge the sufficiency of the evidence supporting his convictions. We set forth only those facts necessary to decide the narrow issue raised on appeal.

A motion for an order for mental examination "may be made at any time before sentencing but the trial court is required to enter an order for mental exam only when it has reasonable cause to believe that the defendant had a mental disease or defect excluding fitness to proceed." State v. Rider , 664 S.W.2d 617, 620 (Mo. App. S.D. 1984).

See Drope v. Missouri , 420 U.S. 162, 181, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) ("Even when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."). That requirement is codified in § 552.020.1 (no person shall be tried, convicted, or sentenced so long as the incapacity endures) and § 552.020.2 (when any judge has reasonable cause to believe that the accused lacks mental fitness to proceed, the judge shall order a mental examination, whether by (1) the judges own motion, (2) motion from the state, or (3) motion by or on behalf of the accused).

If reasonable cause to believe that an accused lacks mental fitness to proceed arises after trial has commenced, one remedy available to the court is to declare a mistrial to provide for an examination. State v. Moon , 602 S.W.2d 828, 836 n.2 (Mo. App. W.D. 1980). Such a mistrial does not bar retrial on double jeopardy grounds, even if the examination is ordered sua sponte, because such a mistrial "would have been made due to a manifest necessity." Id. ; see § 552.020.12 (setting forth a procedure the court may follow when the question of the accused's mental fitness to proceed is raised after a jury is impaneled).