

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD86077 |
| | ) | |
| STEVEN R. WILKINSON, | ) | Opinion filed: March 26, 2024 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI**
**THE HONORABLE DANIEL F. KELLOGG, JUDGE**

Division Four: Gary D. Witt, Chief Judge,
Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Steven Wilkinson appeals his convictions entered by the Circuit Court of Buchanan County, Missouri ("trial court") after a jury trial, for one count of burglary in the first degree, two counts of assault in the second degree, one count of assault in the third degree, two counts of armed criminal action, and one count of resisting arrest. On appeal, Wilkinson argues the trial court committed error when it denied a request that he undergo a second competency examination. Wilkinson additionally asserts the trial court committed plain error by entering judgment and sentencing him for assault in the second degree on Count II, arguing the jury found him guilty of the lesser-included offense of assault in the third degree, and that the sentence imposed exceeded the maximum punishment authorized

for that offense. For the reasons discussed below, we affirm in part, vacate in part, and remand for additional proceedings.

## Factual and Procedural Background

On August 21, 2021, Wilkinson approached his neighbor, G.K., while she and her husband were unloading groceries. Wilkinson was wearing what appeared to be children's underpants around his thighs. He repeatedly requested G.K. to kiss him, but she refused and pushed him away. Another neighbor, M.B., heard the commotion and ran towards G.K.'s home to intervene. Wilkinson pushed M.B. to the ground prompting M.B. to run back to his home. Wilkinson followed, grabbed a knife and pursued M.B. to the upstairs area of the home where L.C., O.A., and J.M. were also present. A physical altercation ensued. Wilkinson hit M.B. in the face with a sharp object, causing injury to M.B.'s nose. L.C. sustained two injuries: a cut to his finger and another to his face, each cut requiring multiple stitches. Wilkinson punched J.M. in the face, resulting in a black eye and a cut under her eye. O.A. sustained a slice to his hand and Wilkinson struck him in the face.

Wilkinson refused to follow the commands of responding law enforcement officers necessitating the use of a taser on him. Wilkinson was able to remove one of the taser probes and flee before being apprehended. Once in custody, Wilkinson made spontaneous statements about a variety of topics including Donald Trump, Joe Biden, and Mitch McConnell. He claimed to be working with the police department "on the streets" and attempted to convince the arresting officers that their lieutenant wanted them to release him from custody. Wilkinson additionally asserted that "with his skill set, he responded to the Twin Towers on September 11th and saved 3,000 people from dying."

2

The State charged Wilkinson, as a persistent assault offender and persistent felony offender, with nine counts: one count of burglary in the first degree; three counts of assault in the second degree; one count of assault in the third degree; three counts of armed criminal action; and one count of resisting arrest. The trial court granted a defense request that Wilkinson undergo a competency examination pursuant to section 552.020 RSMo.[1] The examination occurred on December 22, 2021, and concluded that Wilkinson did not suffer from a mental disease or defect and did not lack the capacity to understand the proceedings against him or to assist in his own defense. This report was filed with the trial court on February 3, 2022.

At a pre-trial hearing on November 14, 2022, defense counsel made an oral motion requesting the trial court order a second competency exam. In support, defense counsel stated that she "believed" Wilkinson was suffering from an undiagnosed mental disease or defect based on "conversations" with Wilkinson and his family. She further explained that she and Wilkinson did not agree on this issue, and that Wilkinson "objects to any further mental health evaluation, and denies that there is any type of mental disease or defect that would be applicable or that would render him incapable of understanding the proceedings and being able to assist in his own defense." The trial court overruled the motion but expressed a willingness to review additional information "[i]f there's something in writing that would be more substantial." Defense counsel submitted no additional information on the competency issue to the trial court.

---

[1] All statutory references are to RSMo Cum. Supp. 2021 unless otherwise noted.

Trial began the following day. The State presented eight witnesses. The defense presented no evidence and Wilkinson did not testify in his own defense. The jury found Wilkinson guilty of burglary in the first degree (Count I), assault in the third degree related to M.B. (Count II), assault in the second degree related to L.B. (Count III), assault in the third degree related to J.M. (Count V), two counts of armed criminal action (Counts VI and VII), and one count of resisting arrest (Count IX). The jury found Wilkinson not guilty of one count of assault in the second degree related to O.A. (Count IV), and the associated count of armed criminal action (Count VIII).

Counsel filed a motion for a new trial, claiming, in part, that the trial court erred when it overruled defense counsel's request for a second competency exam. The trial court denied the claim, noting that "[t]he Court was present for the proceedings, reviewed all the files, and the documents. The Court does not find that Mr. Wilkinson -- does not believe that there was the necessity of finding Mr. Wilkinson incompetent or finding -- ordering a competency exam."

The trial court sentenced Wilkinson to ten years for each of Counts I, II, and III; four years for Count V; ten years for each of Counts VI and VII; and six months in the county jail for Count IX. Counts I, II, III, and IX were ordered to run concurrent to each other, but consecutive to Counts VI and VII, which sentences ran concurrent to each other. Relevant to this appeal, the trial court entered a finding of guilt for the offense of assault in the second degree for Count II and imposed a sentence within the range applicable to that level of offense.

This appeal follows.

4

**Analysis**

Wilkinson raises two points on appeal. His first point contends that the trial court committed error when it denied defense counsel's oral motion for a second competency exam. In his second point, Wilkinson asserts that the trial court plainly erred by entering judgment on Count II that was inconsistent with the jury's verdict and sentencing him to a term of imprisonment in excess of the maximum range permitted for the offense for which the jury found him guilty.

*Point I – Request for a Second Competency Evaluation*

"[T]he trial court has broad discretion in denying a defendant's motion for [a competency] exam, but the court has a duty to confront the issue of competency at any stage of the trial." *State v. Tilden*, 998 S.W.2d 568, 577 (Mo. App. W.D. 1999) (internal marks omitted).

> [W]here the issue of mental competency has been raised by motion or by the trial court, and has been decided, the standard of review is that the trial court's determination of competency must stand unless unsupported by substantial evidence, without appellate weighing of the evidence, and determining if a reasonable judge in the same situation would have experienced doubt as to competency.[2]

*Id.*

---

[2] In his briefing to this Court, Wilkinson indicates that his motion for new trial "appears to have been filed two days late." The time limits applicable to the filing of a motion for new trial are mandatory. *See State v. Yates*, 982 S.W.2d 767, 769 (Mo. App. W.D. 1998) ("The time limitations in Rule 29.11 are mandatory."). "An untimely motion [for a new trial] preserves nothing for review." *State v. Brock*, 113 S.W.3d 227, 234 (Mo. App. E.D. 2003). Wilkinson requests plain error review of this claim if we determine that his motion for new trial was not timely filed. The State does not address the timeliness of the motion for new trial in its briefing and we find it unnecessary to resolve this issue as we conclude the point on appeal fails under the less stringent standard applicable to a preserved claim.

5

"No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or her or to assist in his or her own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." § 552.020.1. "A defendant is competent when he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *State v. Anderson*, 79 S.W.3d 420, 432 (Mo. banc 2002) (internal marks omitted). The accused is presumed competent, and carries the burden to prove incompetence by a preponderance of the evidence. *See id.* at 432-33; *see also State v. Simms*, 630 S.W.3d 870, 882 (Mo. App. W.D. 2021). If the trial court has "reasonable cause to believe that the accused lacks mental fitness to proceed, the judge shall . . . appoint one or more private psychiatrists or psychologists . . . to examine the accused[.]" § 552.020.2. "Reasonable cause may arise from evidence adduced or from the trial court's personal observations of the defendant." *State v. Williams*, 247 S.W.3d 144, 148 (Mo. App. S.D. 2008) (internal marks omitted).

In this case, the trial court ordered Wilkinson to undergo a competency exam, which occurred in December of 2021. The report noted that Wilkinson was able to identify the charges against him, explain and appreciate the possible maximum sentence he could receive, describe the multiple roles of those involved in the trial as well as other aspects of the proceedings. The examiner concluded that Wilkinson "does not, as a result of a mental disease or defect, lack capacity to understand the proceedings against him and to assist in his own defense[.]"

6

Wilkinson contends the trial court's initial finding of competency is not relevant, emphasizing that the critical question is his competency at the time of trial several months later. However, this observation does not compel – as Wilkinson seems to suggest – the conclusion that the trial court was duty-bound to have ordered a new evaluation "to see *if* circumstances had changed" since the first evaluation (emphasis added). More was required. Indeed,

> [t]he mere [making] of a motion under [section] 552.020 and counsel's naked assertion that [Wilkinson] is incompetent does not provide the trial court with reasonable cause to believe that the psychiatric examination is required. There must be evidence tending to show incompetency or it must appear to the trial court from personal observation that [Wilkinson] is incompetent.

*State v. Owens*, 618 S.W.3d 271, 274 (Mo. App. S.D. 2021). This burden becomes more challenging when, as occurred here, a defendant has previously been examined and determined to be competent. In such a situation, evidence must be brought forward revealing a change in circumstance since the original determination. *See Simms*, 630 S.W.3d at 882 (finding no error in the trial court's denial of a motion for continuance because the defendant failed to present any evidence showing that circumstances changed between the initial finding of competence and the time when the issue of competence was raised during trial).

Here, defense counsel's oral request was based on "concerns" that had developed since the original examination and "conversations" with Wilkinson and his family. Defense counsel failed to cite specific facts gleaned from those "conversations" that gave rise to her "concerns" and prompted her request the day before trial. Such assertions, without more,

7

are not self-proving and were insufficient to provide the trial court reasonable cause to doubt Wilkinson's competency. *See State v. Sneed*, 562 S.W.3d 380, 384-85 (Mo. App. S.D. 2018) (finding that defense counsel's factual allegations based solely upon his own observations and conclusions of defendant's behavior were "not self-proving and, standing alone, were insufficient to prove reasonable cause to the trial judge to doubt Defendant's competence").

Despite the lack of specificity in defense counsel's oral request, the trial court conscientiously considered the seriousness of the request by affirmatively inviting defense counsel to submit a more substantively robust written presentation. No such filing was made. In the end, "the trial court was left with only its personal observations with which to evaluate Defendant's current mental competency." *See Simms*, 630 S.W.3d at 883. As explained during its denial of the motion for new trial, the trial court did not observe any conduct by Wilkinson that, in its view, necessitated a second competency exam.

Based on the record before us, we find the trial court did not commit error, plain or otherwise, when it denied the request for a second competency exam.

Point I is denied.

*Point II – Judgment and Sentencing*

In his second point on appeal, Wilkinson contends, and the State concedes, that the "trial court plainly erred in entering judgment and sentencing appellant to ten years for assault in the second degree on Count II of the information" because "the jury found appellant guilty of the lesser included offense of assault in the third degree on Count II[.]" We agree.

Wilkinson did not lodge an objection at the sentencing hearing and thus did not preserve this claim for appellate review. *State v. Whirley*, 666 S.W.3d 223, 229 (Mo. App. W.D. 2023) (sentencing error must be raised during the sentencing hearing to be preserved for appellate review). Accordingly, we review Wilkinson's argument for plain error under Rule 30.20.

> Under plain-error review, we will reverse only if plain error affecting substantial rights results in manifest injustice or a miscarriage of justice. We review for plain error using a two-step analysis. First, we determine whether the record facially establishes substantial grounds to believe plain error occurred. Plain error is error that is evident, obvious, and clear. Second, if plain error has occurred, we then consider whether the error actually resulted in manifest injustice or a miscarriage of justice.

*State v. Sullivan*, 640 S.W.3d 149, 159 (Mo. App. E.D. 2022) (citations omitted).

Wilkinson was charged in Count II with the class D felony of assault in the second degree and the jury found him guilty of the lesser-included offense of assault in the third degree – a class E felony. However, the trial court entered a finding of guilt for assault in the second degree. This error was clear, evident and obvious.

Moreover, this error resulted in the trial court imposing a sentence greater than the maximum permitted for the offense of assault in the third degree. Assault in the third degree is a class E felony with a range of punishment not to exceed four years. § 558.011.1(5); § 565.054.2, RSMo 2016. Wilkinson's status as a prior and persistent offender enhanced the applicable range of punishment to a maximum of seven years. § 558.011.1(4); § 558.016.7, RSMo 2016. The trial court's sentence of ten years exceeded the available authorized sentencing range and resulted in a manifest injustice. *See Whirley*, 666 S.W.3d at 229 (The

imposition of punishment "greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice."); *see also State v. Morrison*, 980 S.W.2d 332, 334 (Mo. App. E.D. 1998) (remand is necessary for resentencing where the court imposed a sentence outside the authorized range of punishment).

Therefore, we vacate Wilkinson's conviction on Count II for assault in the second degree and remand to the trial court for entry of judgment consistent with the jury's finding of guilt for assault in the third degree and resentencing within the appropriate range of punishment.

Point II is granted.

## Conclusion

Wilkinson's conviction on Count II is vacated, and the cause is remanded to the trial court for entry of judgment for assault in the third degree and resentencing. The remainder of Wilkinson's convictions are affirmed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

10