

# Missouri Court of Appeals

### Southern District

### In Division

| | | |
|---|---|---|
| MICHAEL EUGENE SNEED, | ) | |
| | ) | |
| Appellant, | ) | No. SD38356 |
| | ) | |
| v. | ) | **Filed:  November 27, 2024** |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Thomas E. Mountjoy, Judge

### <u>VACATED AND REMANDED FOR DISMISSAL</u>

Michael Eugene Sneed ("Sneed") appeals the motion court's denial of his Rule 29.15 motion for post-conviction relief.[1]  In a single point, Sneed claims trial counsel was ineffective in failing to renew his motion for the trial court to order Sneed to undergo a mental examination.  While Sneed's claim was raised in a *pro se* motion that was prematurely filed, Sneed voluntarily dismissed all claims raised in that motion before the time for filing ripened and never refiled the motion within the time prescribed by Rule

---

[1] All rule references are to Missouri Court Rules (2017) unless otherwise specified.  Because Sneed was sentenced prior to January 1, 2018, the proceedings in this case are governed by the version of Rule 29.15 that was in effect on the day of sentencing, which was in 2017.  *See* Rule 29.15(m) (2024).

29.15.  For that reason, we cannot reach the merits of Sneed's claim.  The motion court's order is vacated, and the motion court is directed to dismiss the case.

### Standard of Review and Applicable Law

Our review of a motion for post-conviction relief is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." *Flaherty v. State*, 694 S.W.3d 413, 416 (Mo. banc 2024).  Findings and conclusions are clearly erroneous only if we are left with the definite and firm impression that a mistake has been made after reviewing the entire record.  *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018).

The filing deadlines for post-conviction relief are mandatory and cannot be waived.  *Jackson v. State*, 643 S.W.3d 640, 643 (Mo. App. S.D. 2022).  When an appeal is taken from a felony conviction, a Rule 29.15 motion must be filed within 90 days after the mandate of the appellate court has been issued.  Rule 29.15(b).  If a Rule 29.15 motion is prematurely filed, it is considered filed immediately after the mandate is issued.  *Id.*  The failure to file a motion within the time provided by Rule 29.15 constitutes a complete waiver of any claim that could be raised in a motion filed pursuant to that rule.[2]  *Id.*

Because Rule 29.15's filing deadlines are mandatory and cannot be waived, the motion court and this Court each have a duty to enforce those mandatory time limits.  *Robinson v. State*, 592 S.W.3d 406, 409 (Mo. App. S.D. 2020).  This is true even when the State raises no objection to the late filing.  *Price v. State*, 422 S.W.3d 292,

---

[2]  The addition of the word "complete" makes the waiver that occurs here different than ordinary waiver.  "Complete" means "total, absolute."  MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 254 (11th ed.2009).  The phrase "complete waiver" here establishes a total, absolute relinquishment of a legal right.

*Dorris v. State*, 360 S.W.3d 260, 267-68 (Mo. banc 2012) (quoting *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989)).

297 (Mo. banc 2014). While we remain "solicitous of post-conviction claims that present a genuine injustice," that interest must be balanced "against the policy of bringing finality to the criminal process." **White v. State**, 939 S.W.2d 887, 893 (Mo. banc 1997).

## Background

Following a bench trial, Sneed was found guilty of several sex crimes.[3] On August 18, 2017, Sneed requested his sentencing be continued and prematurely filed a *pro se* Rule 29.15 motion. At that time, the motion court notified the public defender's office of the filing. The motion court's docket stated it was not appointing the public defender's office, but asked the office to assign an attorney as soon as possible to file an amended motion. On August 23, 2017, the public defender's office notified the motion court it would not take any action in the matter until it became ripe under the time limits of Rule 29.15.

Sneed's sentencing was continued to December 15. The day before sentencing, Sneed signed and filed a document stating:

> My name is Michael E Sneed and I would like to withdrawl [sic] my pro se motions, including motion – case no. 1731-CC01088[.][4]

The next day, December 15, Sneed was sentenced.[5]

Sneed filed a direct appeal of his convictions. This Court affirmed those convictions, and on November 16, 2018, we issued the mandate. *See* **State v. Sneed**, 562 S.W.3d 380 (Mo. App. S.D. 2018).

---

[3] These offenses were: two counts of child molestation in the first degree, one count of statutory rape in the first degree, one count of statutory sodomy in the second degree, and one count of incest.

[4] Case No. 1731-CC01088 is Sneed's post-conviction case.

[5] Sneed was sentenced to concurrent sentences in the Department of Corrections for: seven years for each count of child molestation in the first degree; life imprisonment for statutory rape in the first degree; 15 years for statutory sodomy in the first degree; and seven years for incest.

Sneed never filed another *pro se* motion after withdrawing his premature motion. Nevertheless, the public defender entered an appearance on Sneed's behalf on November 28, 2018, and requested an additional thirty days to file an "amended motion." The motion court entered an order on December 3, 2018, purportedly granting the request for an additional 30 days to file an amended motion. On February 26, 2019, 102 days after the mandate had been issued, Sneed's counsel filed what was styled as an amended motion. The motion court held an evidentiary hearing and entered judgment denying relief.

**Analysis**

Sneed does not dispute that he sought to withdraw his premature *pro se* motion and acknowledges that no other Rule 29.15 motion was filed within 90 days after the mandate of this Court was issued. Instead, he argues the withdrawal of his *pro se* motion cannot be characterized as a voluntary dismissal of his claim because he did not cite to Rule 67.02 (the rule for voluntarily dismissing a civil case) and the withdrawal had no effect because it was never ruled on by the motion court. If Sneed is correct, then his premature *pro se* motion would be considered as filed immediately after the mandate was issued, making it timely. Rule 29.15(b). If Sneed is incorrect, his *pro se* motion was voluntarily dismissed and the Rule 29.15 motion prepared by his counsel was untimely because it was not filed within 90 days of the issuance of the mandate. ***Id.***

Sneed's argument is without merit because there is no requirement that a party's voluntary dismissal cite to Rule 67.02 nor use the word "dismiss." Under Rule 67.02, "a civil action may be dismissed by the [movant] without order of the court anytime . . . prior to the introduction of evidence at the trial."[6] Rule 67.02(a)(2). This rule applies to

---

[6] "The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable." Rule 29.15(a). Rule 67.02, a rule of civil procedure, applies to post-conviction relief cases because there is no conflict between that Rule and the purpose of post-conviction rules, which is to "to process prisoners' claims promptly, prevent the

4

post-conviction proceedings.  ***Jackson***, 643 S.W.3d at 646.  To file a voluntary dismissal of a civil case prior to the introduction of evidence, a party need not invoke magic language or even cite to Rule 67.02.  No technical form is required.[7]  Rule 55.04.  Instead, we look to the substance of a filing to determine its nature and effect.  ***City of Crestwood v. Affton Fire Prot. Dist.***, 620 S.W.3d 618, 625 (Mo. banc 2021).

Here, Sneed "withdrew" his premature *pro se* motion—the only pleading before the motion court which stated his claims for post-conviction relief.  The nature and effect of withdrawing this pleading was to deprive the motion court of any claim to decide.  By "withdrawing" all claims pending before the motion court, Sneed's filing functioned as a voluntary dismissal of his case.  While Sneed did not cite to Rule 67.02 nor use the word "dismiss" in his filing, his filing accomplished just that—it voluntarily removed all claims from the motion court's consideration.  No order of the motion court was required since no evidence had been introduced and since Sneed—not the motion court—controlled whether Sneed wished to pursue any post-conviction claim at all.  Sneed chose to "withdraw" his premature *pro se* motion and the motion court had no option but to honor that choice.[8]  Once Sneed voluntarily dismissed all of his claims, there was nothing that remained before the motion court upon which to act.  ***Jackson***, 643 S.W.3d at 646.

After Sneed's voluntary dismissal, he could have refiled his *pro se* motion at any time within 90 days after the issuance of the mandate in his direct appeal, which was on November 16, 2018.  *See* Rule 29.15(b).  This made the deadline for filing a Rule 29.15 motion February 14, 2019.  No motion on Sneed's behalf was filed until February 26,

---

litigation of stale claims, and to ensure the legality of a sentence."  ***Jackson***, 643 S.W.3d at 646 (quoting ***Mercer v. State***, 512 S.W.3d 748, 752 (Mo. banc 2017)).

[7] While no technical form is required to file a voluntarily dismissal, a motion for post-conviction relief under Rule 29.15 must substantially be in the form of Criminal Procedure Form No. 40. Rule 29.15(b).

[8] We are aware of no authority that would allow a court to compel a movant in a post-conviction proceeding to prosecute claims he no longer wishes to prosecute.

2019—12 days beyond Rule 29.15's strict 90-day filing deadline.[9]  This was too late.

Sneed has failed to demonstrate that his Rule 29.15 motion was timely filed.  As a result,

he has completely waived all post-conviction claims and his case must be dismissed.

## Conclusion

The order of the motion court is vacated, and the motion court is directed to

dismiss Sneed's case.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

BECKY J. WEST, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

[9] When a post-conviction motion is not filed within Rule 29.15(b)'s time limits, a movant may still excuse the late filing by alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits.  ***Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012).  "While Rule 29.15 does not carve out exceptions that excuse late filings, Missouri courts recognize two exceptions:  (1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion."  ***Watson v. State***, 520 S.W.3d 423, 429 (Mo. banc 2017) (internal quotations and citation omitted).  The abandonment doctrine does not apply to excuse the late filing of initial motions, only amended motions.  ***Price***, 422 S.W.3d at 301.  And it also only applies where counsel is *appointed*.  ***Gittemeier v. State***, 527 S.W.3d 64, 71 (Mo. banc 2017).  For those reasons, the abandonment doctrine does not apply to Sneed's case.  The second exception only applies where a movant pleads and proves that:  (1) he prepared his initial motion and did all he reasonably could to ensure that it was filed on time; and (2) the late filing of the initial PCR motion resulted solely from the active interference of a third party beyond the movant's control.  ***McDaniel v. State***, 608 S.W.3d 763, 770 (Mo. App. S.D. 2020).  Sneed has not pleaded, let alone proved, such an exception should apply.